UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | CIVIL ACTION NO. |
| Plaintiff, | § | |
| V. | § § | |
| PARTY CITY CORPORATION | § § | JURY TRIAL DEMAND |
| Defendant. | § | |

## COMPLAINT AND JURY DEMAND

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et. seq.*, as amended ("ADA"), and the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (pregnancy and related medical conditions) and disability and to provide adequate relief to Jahneiss Groce ("Charging Party" or "Ms. Groce"), who was adversely affected by such practices, and to prevent further occurrence of such practices.

As alleged with greater particularity below, at all relevant times Defendant, Party City Corporation ("Party City") discharged Ms. Groce because of her disability and her pregnancy-related conditions on or about February 2016. In the alternative, Defendant Party City denied Ms. Groce a reasonable accommodation and terminated her because of her disability on or about February 2016.

### JURISDICTION & VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 451, § 1331, § 1337, § 1343 and § 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3)

1

of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-5(f)(1) and (3), the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and § 2000e-6, *inter alia*, and the Civil Rights Act of 1991, 42 U.S.C. 1981a.

2. The employment practices alleged to be unlawful were–and are now being–committed in the State of Texas and, therefore, within the jurisdiction and venue of the United States District Court for the Southern District of Texas, Houston Division, pursuant to Title VII, 42 U.S.C. § 2000e-5(f)(3), and the ADA, 42 U.S.C. § 12117(a).

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and of the ADA and is expressly authorized to bring this action by the Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Title VII, 42 U.S.C. § 2000e-5(f)(1) and § 2000e-6, *inter alia*.

4. At all relevant times, Party City has been continuously a Delaware corporation doing business in the State of Texas and the City of Pearland and has continuously had at least 15 employees.

5. At all relevant times, Party City has continuously been an employer engaged in an industry affecting commerce under both Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h), as well as the ADA, 42 U.S.C. § 12111(5) and (7).

6. At all relevant times, Party City has also been a covered entity under the ADA, 42 U.S.C. § 12111(2).

**ADMINISTRATIVE PROCEDURES**

7.  More than 30 days prior to the institution of this action, Jahneiss Groce ("Ms. Groce" or the "Charging Party") filed a Charge of Discrimination ("Charge") with the Commission alleging violations of Title VII and the ADA by Party City.

8.  On or about August 31, 2018, the Commission issued to Party City a Letter of Determination, finding reasonable cause to believe that Party City violated Title VII of the Civil Rights Act of 1964 and the ADA and inviting Party City to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9.  The Commission and Party City engaged in informal methods of conciliation to endeavor to eliminate the unlawful employment practices identified in the Letters of Determination and to provide appropriate relief.

10. On or about September 27, 2018, the Commission issued to Party City a Notice of Failure of Conciliation advising Party City that the Commission had been unable to secure from it a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this action have been fulfilled.

**STATEMENT OF CLAIMS**

12. Since at least December 1, 2015, Party City has engaged in unlawful employment practices, in violation of Title VII and the ADA, 42 U.S.C. § 12112(a) and (b).  This conduct took place in Pearland, Texas.  In particular, Party City discharged Ms. Groce after she informed Party City of medical restrictions stemming from her disability and pregnancy-related conditions.

      A.      Party City discharged Ms. Groce because of disability in violation of the ADA, 42 U.S.C. § 12112(b)(1) and because of her pregnancy-related conditions in violation of Title VII.  42 U.S.C. § 2000e-2(a)(1).

      B.      Alternatively, Party City denied Ms. Groce a reasonable accommodation and terminated her employment in violation of the ADA.  42 U.S.C. § 12112(b)(5).

13. Ms. Groce is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).  Ms. Groce has an impairment, cervical cancer and/or dysplasia, that substantially limits a major bodily function − the operation of the reproductive system.

14. Ms. Groce began working for Defendant in April 2015 as a Team Lead in Store #807 located in Pearland, Texas.  Ms. Groce was hired by Ashley Kahn, the store's General Manager.

15. At various times during the first few months of her employment, Ms. Groce shared with Ms. Kahn her prior diagnosis of and treatment for cervical cancer, the difficulties of her prior pregnancy, and how a prior employer accommodated her during that pregnancy.  Ms. Groce also told Ms. Kahn that she and her husband were trying to conceive, but that her prior treatment for cervical cancer made any pregnancy high-risk.

16. Prior to her employment with Party City, Ms. Groce was diagnosed and treated for cervical cancer.  The method used to treat her cervical cancer was the loop electrical excision procedure ("LEEP").  One of the side effects of the LEEP procedure is cervical incompetence. Cervical incompetence means that a cervix is unable to stay closed during a pregnancy.  Cervical incompetence may result in miscarriage and preterm labor.  Consequently, restrictions are often

4

imposed on pregnant patients who have undergone a LEEP procedure to ensure a successful pregnancy and delivery.

17. In the fall of 2015, Ms. Groce learned she was pregnant. Ms. Groce shared this news with Ms. Kahn. As part of these discussions–and prior conversations–Ms. Kahn advised Ms. Groce that Party City was unlikely to accommodate any formal request for an accommodation.

18. In mid to late December 2015, Ms. Groce experienced cramping and some bleeding at work. Due to those symptoms, she visited a local emergency room for examination. Ms. Groce then followed up with her personal physician. On December 21, 2015, Ms. Groce's physician issued light duty restrictions consisting of "no lifting over 10 lbs and no climbing ladders."

19. Ms. Groce submitted the note from her doctor's office to Ms. Kahn, Party City's Store Manager upon her return to work. Ms. Groce then faxed the note from Ms. Groce's doctor to David Jones, a District Manager employed by Party City in North Carolina. Mr. Jones, in turn, submitted the doctor's note to Party City's benefits and/or human resources office.

20. Employees in Party City's benefits and/or human resources offices then contacted Ms. Kahn and provided her with a Party City "light duty" form for Ms. Groce to take to her physician and have completed. The Party City form is captioned with the names of "Party City Retail Group," "Party City," and "Halloween City." The form inquires, in part, as to the approximate length of "light duty" that the employee's physician is recommending. This "light duty" form is not tailored to any particular job at Party City.

21. The job description for a "Team Leader PS4" (Ms. Groce's position) purports to list the physical requirements of the position: "lift, push, pull 25 pounds," "frequent kneeling, bending and stooping," "climb ladders," and "standing entire shift." Nothing in this job description

describes the actual job duties and it does not designate between essential and non-essential duties of the job.

22. Neither Ms. Groce nor her physician were ever provided with this job description form.

23. On January 19, 2016, Ms. Groce's personal physician completed the light duty form and indicated that Ms. Groce could stand and walk eight hours a day. The doctor also indicated Ms. Groce could occasionally bend and squat/stoop, and continuously reach above the shoulder and push/pull but could not climb. Her physician noted Ms. Groce could lift up to 10 pounds for 7 or more hours but could not lift greater amounts. Finally, her physician indicated Ms. Groce could grasp and pinch with both the left and right hands for 7 or more hours a day.

24. At all times relevant, Ms. Groce was able to—and did—perform the essential functions of her position. Ms. Groce's ability to satisfactorily perform the essential functions of her job is demonstrated by the fact that she continued performing her job duties without reasonable accommodation from December 21, 2015 through her termination on February 1, 2016.

25. On February 1, 2016, Ms. Groce received a letter from Sara Begley, a Benefits Manager with Party City, which in part read, "When your doctor releases you to return to work and, if you would like to return to work at Party City, you may apply for any open positions for which you are qualified."

26. Defendant did not engage in any discussions with Ms. Groce to determine if an accommodation for her disability was possible. Rather, Defendant preemptively fired Ms. Groce because of her disability within the meaning of the ADA and because of her pregnancy-related conditions under Title VII.

27. Alternatively, Defendant refused to accommodate Ms. Groce and unlawfully terminated her employment in violation of the ADA.

28. The unlawful employment practices complained of herein violated Title VII and the ADA and were, and continue to be, committed with malice or reckless indifference to Ms. Groce's federally protected rights.

29. The unlawful employment practices complained of herein have caused Ms. Groce to suffer economic injuries, including lost wages, and nonpecuniary losses.

## PRAYER

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from terminating employees because of their disability, pregnancy, and pregnancy-related conditions, and any other employment practice which discriminates on the basis of an employee or applicant's sex (pregnancy) or disability;

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all women, and which eradicate the effects of its past and present unlawful employment practices, including but not limited to, annual training of all supervisors and managers concerning disability discrimination laws, and the development of effective policies to prevent disability discrimination;

C. Order Defendant to make Ms. Groce whole by providing appropriate relief, including but not limited to backpay with prejudgment interest, in amounts to be determined at trial, front pay or reinstatement, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

D. Order Defendant to make Ms. Groce whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices complained of above, including but not limited to emotional and mental anguish, pain and suffering, humiliation, loss of enjoyment of life, and devastation in amounts to be determined at trial, and by providing compensation for past and future pecuniary losses resulting from Defendant's unlawful practices;

E. Order Defendant to pay appropriate punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial;

F. Grant such further legal or equitable relief as the Court deems necessary and proper in the public interest; and

G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

In accordance with Rules 38 and 39 of the Federal Rules of Civil Procedure, the Commission hereby requests a jury on all issues raised in the instant Complaint which may be tried by jury.

Respectfully submitted,

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel
Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507

**RUDY SUSTAITA**
Regional Attorney


<u>/s/ Lloyd S. Van Oostenrijk</u>
Lloyd S. Van Oostenrijk
Trial Attorney
Lead Attorney
Texas Bar No. 24056467
Equal Employment Opportunity Commission
1919 Smith Street, Suite 600
Houston, Texas 77002
(713) 651-4906
(713) 651-7995 [facsimile]
lloyd.vanoostenrijk@eeoc.gov