United States District Court
Southern District of Texas
**ENTERED**
July 12, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:19-cv-00824 |
| V. | § § | |
| PARTY CITY CORPORATION | § § | |
| Defendant. | § § | |

### CONSENT DECREE

#### INTRODUCTION

The Plaintiff, U.S. Equal Employment Opportunity Commission ("EEOC"), brought this action against the Defendant, Party City Corporation ("Party City"), under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act, as amended, and pursuant to Title I of the Civil Rights Act of 1991. The EEOC's Complaint alleges that Party City discriminated against Jahneiss Groce ("Groce") when it fired Groce—following her providing Party City with doctor's restrictions—based upon her sex (female), pregnancy, and disability in violation of Title VII and the ADA. (*See* R. Doc. 1.) The EEOC's Complaint arose from Ms. Groce's Charge of Discrimination ("Charge"), alleging the same. Prior to filing its Complaint, the EEOC issued a letter of Determination ("Determination"), stating that there was reasonable cause to believe that Party City had engaged in discrimination. The EEOC issued a Notice of Conciliation Failure after it was unable to secure a resolution acceptable to it.

#### JURISDICTION & VENUE

Neither this Consent Decree nor the payment to Ms. Groce under this Decree constitutes an admission of liability under Title VII or the ADA by Party City. In the interest of avoiding the

1

costs and burdens of further litigation and, having engaged in extensive negotiation, the parties hereby agree that this action should be resolved through the entry of this Consent Decree.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 451, § 1331, § 1337, § 1343 and § 1345. This action is authorized and was instituted pursuant to Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), the Americans with Disabilities Act, as amended, 42 U.S.C. § 12117(a), and pursuant to the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The employment practices alleged to be unlawful were committed in the State of Texas and, therefore, venue lies within this Court pursuant to Title VII, 42 U.S.C.§ 2000e-5(f)(3). The parties agree that this Court has personal jurisdiction over them. Party City expressly agrees that all conditions precedent under the law have been met.

The parties waive a hearing and the entry of findings of fact and conclusions of law.

Having examined the terms and conditions of this Consent Decree, the Court determines that it is reasonable, just, and in accordance with the law, including the Federal Rules of Civil Procedure.

Now, therefore, it is ordered, adjudged, and Decreed:

DURATION

1. This Consent Decree will remain in effect for a period of three years from the date of its entry. The EEOC may seek relief from the Court for a breach of the Decree at any time during that period or in the six months following it.

GENERAL

2. This Decree resolves all claims and issues raised in Ms. Groce's Charge, the EEOC's Determination regarding that Charge, and the EEOC's Complaint in this action, and the EEOC waives all those claims and issues. The Decree in no way prevents or limits the EEOC from

processing, investigating, or litigating any claim and/or issue arising from any other Charge of Discrimination against Party City.

3. The EEOC and Party City must bear their own attorneys' fees and costs incurred in connection with this action.

4. This Court retains jurisdiction to enforce the terms and conditions of, or resolve any disputes arising under, this Decree. Further, this action will not be dismissed during the duration of this Decree.

5. This Consent Decree constitutes the complete understanding between the EEOC and Party City with regard to the matters discussed herein.

6. If one or more provisions of this Consent Decree are rendered unlawful or unenforceable, the EEOC and Party City must attempt to meet and confer in good faith to decide if and how such a provision must be amended to effectuate its purposes of the Decree. In any event, the unaffected provisions of the Decree will remain enforceable.

7. The EEOC and Party City agree to take all steps necessary to effectuate the terms and conditions of this Consent Decree. The Court may only amend this Decree if the parties have consented in writing or if it is in the interest of fairness and justice to achieve the objectives of the Decree. A party seeking to amend the Decree must attempt to meet and confer with the other in good faith before making a request that the Court amend the Decree.

DEFINITIONS

8. The following definitions apply herein:

    A. "Party City" or "Defendant" means and refers to the Defendant, Party City Corporation, and its predecessors, successors and assigns, and agents.

    B. "EEOC" or "Plaintiff" means the Plaintiff, U.S. Equal Employment Opportunity Commission, an agency of the United States.

C. "Charge" or "Charge of Discrimination" means Ms. Groce's Charge of Discrimination, No. 461-2016-01429C.

D. "Ms. Groce" means Jahneiss Groce.

E. "Days" means calendar—not business—days.

F. "Effective date" means the date the Court enters this Decree.

G. "Court" refers to the United States District Court for the Southern District of Texas.

H. "Consent Decree" and "Decree" mean this order.

I. "Liaison" means the representative appointed by Party City to ensure its compliance with the terms and conditions of this Decree and to act on its behalf and with its authority with respect to any and all of the terms and conditions of the Decree.

SCOPE

9. This Decree applies to all "Party City" branded retail stores owned, operated, or controlled by Party City located in the Houston, Texas area which are listed in Exhibit D, attached hereto (the "District").

PROHIBITED DISCRIMINATION & RETALIATION

10. While this Consent Decree is in effect, Party City is hereby enjoined in the District from any and all conduct violating the Title VII or the Americans with Disabilities Act, it being agreed and understood that mere allegations shall not be deemed a violation:

A. Discriminating against its employees and/or applicants because of their sex (female), pregnancy, or pregnancy-related disabilities.

B. Retaliating against any employee and/or applicant because that employee and/or applicant (1) has filed or files this or any other Charge of Discrimination with the EEOC, (2) has participated or participates in this or any other investigation or litigation by the

4

EEOC, (3) has assisted or assists with this or any other investigation or litigation by the EEOC, (4) has sought or seeks relief or damages as a result of this or any other investigation or litigation by the EEOC, or (5) has received or receives relief or damages as a result of this or any other investigation or litigation by the EEOC.

### Monetary Relief

11. Party City agrees to pay Ms. Groce $39,000.00 (only $28,000.00 of which will be subject to withholdings), by company check, within 30 days of Party City receiving the Release—attached hereto as Exhibit A—executed by Ms. Groce. Party City must timely report the payment to the U.S. Internal Revenue Service, as necessary and appropriate. Ms. Groce shall deliver the signed Release attached as Exhibit A upon entry of this Consent Decree.

12. Party City must submit a copy of the check to the EEOC in the manner specified for notice under this Decree within 30 days of paying Ms. Groce.

### Non-Monetary Relief

13. Party City must provide Ms. Groce with the written Reference Letter—attached hereto as Exhibit B—within 30 days of the entry of this Decree.

14. When asked for a job reference regarding Ms. Groce, Party City must not discuss, mention, or allude in any way—directly or indirectly—to Ms. Groce's filing of the Charge, the Charge itself, the EEOC's investigation of the Charge, the EEOC's Complaint, or this Decree.

15. Party City must exclude from Ms. Groce's personnel file, segregate, and keep confidential, anything related to Ms. Groce's filing of the Charge, the Charge itself, the EEOC's investigation of the Charge, the EEOC's Complaint, or this Decree. Party City must alter Ms. Groce's personnel file to indicate Ms. Groce resigned, not that she was discharged.

## LIAISON

16. Party City must designate a Liaison within 45 days of the entry of this Decree. The Liaison must possess the knowledge, capability, and resources to monitor Party City's compliance with the terms and conditions of this Consent Decree.

17. Party City must assign to the Liaison the responsibility of ensuring it complies with the Decree. The Liaison must have the authority to act on behalf of Party City with regard to the Consent Decree. Any act or failure to act by the Liaison will be attributable to Party City.

18. Party City must appoint a replacement Liaison within 15 days of the removal, resignation, or incapacitation of that—or any subsequent—Liaison.

19. Upon appointing an initial or a replacement Liaison, Party City must provide notice to the EEOC within 15 days identifying the newly appointed Liaison's name, mailing address, e-mail address, telephone number, job title, work experience, education and training.

## LIAISON TRAINING

20. Party City must provide the initial and any subsequent liaisons with at least two hours of training, which must cover the terms and conditions of this Decree and how to ensure that Party City complies with those terms and conditions, and how to prepare and submit each of the reports required under this Decree.

21. Party City, through its Liaison, must submit to the EEOC the identity of the trainer and the outline and materials for the training at least 60 days after the Liaison is appointed. It must do so pursuant to procedures for providing notice under this Decree. The EEOC then has 15 days to reject the trainer or the outline and materials. Unless the EEOC agrees otherwise, the trainer must be an attorney with at least five years of experience with employment discrimination. If the EEOC rejects the trainer or the outlines and materials, it shall specify the reasons for the rejection, and Party City, through its Liaison, must submit to the EEOC the identity of a new

trainer or a new outline and materials within 30 days of the rejection, pursuant to procedures for providing notice under this Decree. Liaison training must take place no later than 30 days following (a) the expiration of the period by which the EEOC must reject the trainer, outline, or materials; or (b) the EEOC's approval of the proposed trainer, outline, and materials, whichever occurs first.

## LIAISON TRAINING REPORT

22. Within 30 days of the Liaison training, Party City, through its Liaison, must submit a Liaison Training Report to the EEOC, describing the training and containing supporting documentation.

23. The Liaison Training Report must provide the date and time of each training, the duration of each training, the identity of the trainer for each training, and the identity of any Liaison who attended each training.

24. The Liaison Training Report must further contain an executed declaration by the Liaison that the Liaison attended the training and the date, time, and place of attendance. Any Liaison Training Report must likewise include a declaration by Party City, through its Liaison, attesting to its accuracy.

## GENERAL REPORT

25. During the duration of this Consent Decree, Party City must, through its Liaison, provide a General Report annually. The General Report must describe how Party City has complied with the Decree and contain supporting policies. If Party City has failed to comply with the terms and conditions of the Decree, it must explain why it has not complied and provide a plan for remedying its failure to comply. But, by explaining why it has not complied, Party City does not prevent the EEOC from moving to enforce the Decree for its failure to comply.

26. The first General Report is due 180 days after the entry of the Decree.

27. The subsequent General Reports are due 120 days before the anniversary of the entry of the Decree.

## EMPLOYEE TRAINING

28. Party City, through its Liaison, must provide each of its store-level managers with the ability to hire and terminate employees in the District, and Human Resource managers at the corporate level, at least once per year while this Consent Decree is in effect, at least two hours training regarding equal opportunity in the workplace, the avoidance of any unlawful discrimination, and employees' rights under Title VII and the Americans with Disabilities Act. Each training session hereunder must provide training regarding:

    A. History of sex-based discrimination (including pregnancy).

    B. The purpose and fundamentals of Title VII.

    C. The purpose and fundamentals of the ADA.

    D. Examples of discrimination and harassment.

    E. Examples of retaliation (including examples of protected activity).

    F. Employees' rights under Title VII and the ADA.

    G. Party City's responsibilities under Title VII and the ADA, with emphasis on reasonable accommodations and the interactive process.

    H. Procedure for reporting discrimination, harassment, and retaliation to Party City.

    I. Procedure for requesting reasonable accommodations from Party City.

    J. Procedure for reporting discrimination, harassment, and retaliation to the EEOC.

29. All such training must be conducted in person or via Party-City's online training portal, Partyline.

30. The first employee training must occur within 90 days after Party City completes its Liaison training.

31.     The second and third trainings, respectively, must occur at least 60 days before the second anniversary and the third anniversary of the entry of the Consent Decree.

32.     Party City, through its Liaison, must submit to the EEOC, using the procedures for providing notice under this Decree, the identity of the trainer and the outline and materials for the training at least 60 days prior to each training. The EEOC then has 30 days to reject the trainer or the outline and materials. If the EEOC rejects the trainer, outlines, or materials within the 30 days, Party City, through its Liaison, must submit to the EEOC the identity of a new trainer or a new outline and materials within 30 days. The EEOC's failure to reject the trainer, materials, or outline within 30 days will be considered an acceptance of the trainer, outline, and materials. Unless the EEOC agrees otherwise, the trainer must be an attorney with at least five years of experience handling employment discrimination matters.

### EMPLOYEE TRAINING REPORT

33.     Party City, through its Liaison, must submit an Employee Training Report to the EEOC, describing the training and containing supporting documentation, within 45 days of each such training. The Employee Training Report must provide the date and time of each training, the duration of each training, the identity of the trainer for each training, and the identity of the employees who attended each training. The Employee Training Report must further contain an executed declaration by each employee that they attended the training (such a declaration may be in the form of a sign-in registry). The Employee Training Report must likewise include a declaration by Party City, through its Liaison, attesting to the accuracy of the Employee Training Report.

ANTI-DISCRIMINATION POLICY

34. Within 120 days from the entry of this Decree, and to the extent it does not otherwise have such a policy, Party City must adopt an anti-discrimination policy that meets the following criteria:

    A. Prohibits discrimination, harassment, and retaliation against any employee and/or applicant in violation of Title VII or the ADA.

    B. Prohibits any act, policy, or practice that has the effect of discriminating, harassing, or retaliating against any employee and/or applicant in violation of Title VII or the ADA.

    C. Provides a process for reporting and/or complaining about discrimination, harassment, and retaliation prohibited by Title VII or the ADA.

    D. Provides that anyone who engages in retaliation prohibited by Title VII or ADA will be disciplined, up to and including discharge.

35. During the operation of this Decree, the General Report to the EEOC must contain the anti-discrimination policy itself.

36. Further, during the operation of this Decree, the General Report to the EEOC must describe any formal written complaint or investigation made in the District under the anti-discrimination policy, any violation found as a result of such a report or investigation, and any discipline taken.

RECORDS

37. During the operation of this Decree, Party City must preserve and maintain all documents, information, and records, electronic or otherwise, that might be relevant to this action, regardless of whether they are discoverable or admissible in this action.

38.     During the operation of this Decree, Party City must preserve and maintain all documents, information, and records, electronic or otherwise, that might be relevant to this Decree, including any reports made pursuant to the Decree, regardless of whether they are discoverable or admissible in this action.

39.     Party City must comply with the recordkeeping and reporting requirements under federal law, including those contained in Title VII and/or the ADA and in the regulations promulgated by the EEOC. The express recordkeeping and reporting obligations imposed by this this Decree do not constitute any waiver or obviation of the recordkeeping and reporting requirements imposed by federal law.

## NOTICES

40.     All notices, reports, and information required under this Decree—including but not limited to the General Reports, Liaison Training Reports and Employee Training Reports—must be submitted to the EEOC in an email sent to **all** of the following email addresses:

>  lloyd.vanoostenrijk@eeoc.gov

In addition, these may be submitted to the EEOC via certified United States mail at the following address:

> *Attn*: Legal Unit
> U.S. Equal Employment Opportunity Commission
> Houston District Office
> Mickey Leland Federal Building
> 1919 Smith Street, 7th Floor
> Houston, TX 77002

41.     Only an acknowledgment from the EEOC via email or regular United States mail constitutes proof of receipt of such notices, reports, or information.

42.     The EEOC may, from time to time, in writing to Party City, designate others to receive notices, reports, and information under this Decree.

POSTING

43.     Party City must post a Notice to Employees—attached hereto as Exhibit C—in each store within the District within 10 days of the entry of this Decree. The Notice to Employees must be enlarged to at least eleven by seventeen inches, and it must be posted conspicuously each store within the District where other notices to employees and/or applicants are customarily posted. It must remain there for one year from the entry of this Decree.

INSPECTIONS

44.     To verify compliance with this Decree, the EEOC may inspect Party City's stores in the District upon 3 days notice and conduct interviews with the Liason upon 5 days notice.

In Houston, Texas this ___12th___ day of ___July___, 2019.

_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

### RELEASE

In consideration for $_____ paid to me by Party City Corporation ("PARTY CITY"), in connection with the resolution of *U.S. Equal Employment Opportunity Commission v. Party City Corporation,* No. 4:19-cv-00824 (S.D. Tex.), I waive my right to recover for any claims arising under Title VII of the Civil Rights Act of 1964 or the Americans with Disabilities Act, as amended that I had against PARTY CITY, prior to the date of this release and that were included in the claims alleged in EEOC's complaint in the above-referenced action.

This _____ day of _____ , 2019.

_____
JAHNEISS GROCE

## EXHIBIT B

### REFERENCE LETTER

[PARTY CITY's Letterhead]

[Date]

To Whom It May Concern:

We are pleased to provide the following reference on behalf of our former employee, Jahneiss Groce, who was a Team Lead with us from 2014 to 2015. She resigned in 2015. We hope that this information about is helpful to you in considering her for employment.

Sincerely,

[PARTY CITY's chief executive officer]

**EXHIBIT C**

NOTICE TO EMPLOYEES

IN 2019, THE U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ("EEOC") SUED PARTY CITY CORPORATION ("PARTY CITY"), UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 ("TITLE VII"), THE AMERICANS WITH DISABILITIES ACT, AS AMENDED, AND TITLE I OF THE CIVIL RIGHTS ACT OF 1991, IN FEDERAL COURT.

ON _____, THE FEDERAL COURT ENTERED A CONSENT DECREE. AS PART OF THE DECREE, THE PARTIES ACKNOWLEDGED THAT THERE HAS BEEN NO DETERMINATION OF LIABILITY UNDER TITLE VII OR THE ADA BY PARTY CITY. HOWEVER, UNDER THAT DECREE, PARTY CITY HAS AGREED TO CONDUCT TRAINING ON TITLE VII AND THE ADA FOR ITS MANAGEMENT EMPLOYEES.

TITLE VII, A FEDERAL LAW, PROHIBITS AN EMPLOYER FROM RETALIATING AGAINST AN EMPLOYEE WHO, IN GOOD FAITH, REPORTS THAT THEIR EMPLOYER DISCRIMINATED OR HARASSED ON THE BASIS OF SEX OR DISABILITY, WHO REPORTS THAT THEIR EMPLOYER ALLOWED OTHERS TO DISCRIMINATE OR HARASS ON SUCH BASIS, WHO FILES A CHARGE OF DISCRIMINATION WITH THE EEOC, OR WHO PARTICIPATES IN THE INVESTIGATION OR PROSECUTION OF SUCH A CHARGE.

PARTY CITY WILL NOT TOLERATE DISCRIMINATION OR HARASSMENT ON THE BASIS OF RACE AND LIKEWISE WILL NOT TOLERATE RETALIATION AGAINST ANY EMPLOYEE FOR REPORTING SUCH DISCRIMINATION OR HARASSMENT. SUCH DISCRIMINATION AND HARASSMENT CAN VIOLATE BOTH FEDERAL LAW AND PARTY CITY'S ANTI-DISCRIMINATION POLICY. ANY EMPLOYEE WHO VIOLATES THE LAW AND POLICY WILL BE SUBJECT TO SUBSTANTIAL DISCIPLINE, UP TO AND INCLUDING TERMINATION.

THE POSTING OF THIS NOTICE TO EMPLOYEES BY PARTY CITY DOES NOT CONSTITUTE AN ADMISSION OF ANY LIABILITY UNDER FEDERAL LAW.

IF YOU BELIEVE YOU OR ANOTHER EMPLOYEE HAVE BEEN DISCRIMINATED, HARASSED, OR RETALIATED AGAINST, PLEASE CONTACT THE EEOC:

> ATTN: LEGAL UNIT
> U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
> 1919 SMITH STREET, 7TH FLOOR
> HOUSTON, TEXAS 77002
>
> TELEPHONE: 713.651.4906
> E-MAIL: LLOYD.VANOOSTENRIJK@EEOC.GOV
> WEBSITE: WWW.EEOC.GOV

YOU MAY ALSO REPORT YOUR CONCERNS USING THE PROCEDURES SET FORTH IN PARTY CITY'S ANTI-DISCRIMINATION POLICY.

THIS NOTICE TO EMPLOYEES MUST REMAIN POSTED CONTINUOUSLY BY PARTY CITY FOR ONE YEAR FROM THE DATE BELOW. THIS NOTICE TO EMPLOYEES MUST NOT BE ALTERED, DEFACED, REMOVED, OR COVERED.

THIS _____ DAY OF _____ , 2019.

EXHIBIT D

STORES

| STORE NUMBER | LOCATION |
|---|---|
| 413 | Katy |
| 578 | Houston (Summit Sq.) |
| 588 | Houston (Westheimer Rd) |
| 631 | Houston (Tidwell) |
| 757 | Richmond |
| 758 | Houston (Copperfield) |
| 807 | Pearland |
| 808 | Gulfgate |
| 857 | Tomball |
| 931 | Cypress |
| 1123 | Conroe |
| 1124 | College Station |